# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| KWANE RASHID, | : |
| Plaintiff, | : |
| VS. | : |
| | :  **1 : 12-CV-140 (WLS)** |
| LT. JADA BURKS, *et al.,* | : |
| Defendants. | : |

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion to Dismiss filed by Defendants Burks, Jackson, and Tennille. (Doc. 19). The Plaintiff filed this action on September 18, 2012, alleging a violation of his right to privacy by means of a strip search at Calhoun State Prison on June 16, 2012. (Doc. 1). The Court recommended the dismissal of certain claims and Defendants, and ordered that Plaintiff's claim of violation of his right to privacy proceed against Defendants Burks, Jackson, Tennille, and Roberts. (Doc. 9).

Defendants Burks, Jackson, and Tennille have filed a Motion to Dismiss, alleging that Plaintiff has failed to state a claim under 42 U.S.C. § 1983. (Doc. 19). A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

> plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570). The Plaintiff has not filed a response to the Defendants' Motion to Dismiss.

In his Complaint, the Plaintiff alleges that on June 16, 2012, a prison officer alleged that she had viewed Plaintiff talking on a cell phone, and that approximately thirty (30) minutes later, Defendants Burks, Jackson and Tennille escorted the Plaintiff and two other inmates to the TV room. (Doc. 1). Once inside the TV room, the Defendants conducted a body search of each inmate, having the inmate "strip completely naked" in front of female officers and other inmates. *Id.* Plaintiff contends that the area was able to be viewed from the entire dorm, with no partitions blocking any of the windows. *Id.*

The Eleventh Circuit has recognized "that prisoners retain a constitutional right to bodily privacy." *Fortner v. Thomas*, 983 F.2d 1024, 1029 (11th Cir. 1993). The Eleventh Circuit noted that it had "declined to define the precise parameters of a prisoner's constitutional right to privacy" and continued "to approach the scope of the privacy right on a case-by-case basis". *Id.* The *Fortner* court ultimately remanded the plaintiff's bodily privacy claim for a determination by the district court as to whether prison policy violated the *Turner v. Safley*, 482 U.S. 78, 89 (1987) reasonableness test. Under *Turner*, a prison policy that "impinges on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests." *Id.* "The Eleventh Circuit has declined to extend *Fortner* to mean that inmates have the same rights to bodily privacy as free persons and have held firm that this right is limited and should be evaluated on a case-by-case basis." *Hardgrove v. Clark*, 2007 WL 1746922 (N.D.Fla. June 15, 2007) *citing Padgett v.*

2

*Donald*, 401 F.3d 1273, 1279 (11th Cir. 2005); *see also Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006) (finding *Fortner* "outlined a very narrow privacy right"). In analyzing privacy rights claims, courts should consider factors including the scope, manner, place, and justification for the search. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). The Defendants maintain that the Plaintiff has failed to state a claim for an invasion of his privacy, as the mere alleged presence of female officers during a strip search does not violate the limited right to bodily privacy announced in *Fortner*. Defendants contend that the search of Plaintiff was conducted by a male officer in an open area of the prison.

 The Court notes that "routine shakedowns of prison cells are essential to the effective administration of prisons". *Hudson v. Palmer*, 468 U.S. 517, 529 (1984). The Supreme Court has recognized that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities." *Florence v. Board of Chosen Freeholders of County of Burlington*, 132 S.Ct. 1510, 1517 (2012). Moreover, "strip searches carried out in non-secluded areas of the prison and in the presence of prison employees of the opposite sex are not unconstitutional." *Tasby v. Lynaugh*, 123 Fed.Appx. 614, 615 (5th Cir. 2005). "[T]o state a constitutional claim, a prisoner must allege 'that the strip search in question was not merely a legitimate search conducted in the presence of [other inmates and/or female guards], but instead a search conducted in a harassing manner intended to humiliate and inflict psychological pain.'" *Hanners v. Humphries*, 2012 WL 5386149 (M.D.Ga. Nov. 1, 2012) (MTT) (*citing Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)).

 As in *Hanners*, nothing in the Plaintiff's Complaint suggests that his strip search was conducted with any intent to humiliate or degrade the Plaintiff or other inmates. Plaintiff

specifically states that the searches were conducted in response to an officer's alleged observations of Plaintiff in possession and use of contraband, to wit, a cellphone, and were conducted by a male officer, and "monitored" by female supervising officers.  (Doc. 1).   Such a search does not violate a prisoner's right to bodily privacy, as allowing female officers unrestricted access to areas where such searches may take place is "reasonably related to valid penological goals".  *Smith v. Boyd,* 2012 WL 3230646 *5 (M.D.Ala. July 5, 2012) (presence of female officer in the area during a strip search of male inmate performed by male officers was not a violation of inmate's right to privacy); *Hoover v. Freeman*, 2013 WL 5352911 (M.D.Ala. Sept. 24, 2013) (female prisoner plaintiff did not adequately allege a violation of her right to bodily privacy based on viewing by male officers, as there was no allegation of inappropriate behavior by prison officials, and plaintiff at one point chose to remain naked).  Plaintiff makes no allegation that the Defendants acted inappropriately during his search, but claims that said search took place after the suspicion of Plaintiff's possession of contraband, and was conducted by a male officer in an open area.

In addition to finding that the Plaintiff has failed to state a plausible claim for relief, the Court finds that a more carefully drafted complaint based on the same facts would not provide a different result herein, and thus, Plaintiff is not entitled to amend his Complaint before dismissal. *See Banks v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), *overruled on other grounds by Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541 (11th Cir. 2002).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief'." *Ashcroft*, 556 U.S. at 679, *quoting* Fed. R. Civ. P. 8(a)(2).

### *Official capacity claims*

Insofar as the Plaintiff brings this action against the Defendants in their official capacities, the Plaintiff's claims are without merit. A suit brought against defendant prison officials in their official capacities is in reality a suit against the state and as such is not cognizable under ▪ 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989).

### *Conclusion*

Accordingly, it is the recommendation of the undersigned that Defendants Burks, Jackson, and Tennille's Motion to Dismiss (Doc. 19) be **GRANTED** and that this Complaint, as to all Defendants, be DISMISSED. Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 15th day of October, 2013.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb