# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| KWANE RASHID, | : |
| | : |
| v. | : Case No.: 1:12-CV-140 (WLS) |
| | : |
| LT. JADA BURKS, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

Presently pending before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed October 15, 2013. (Doc. 28.) It is recommended that Defendants' Motion to Dismiss (Doc. 19) be granted, and Plaintiff's Complaint (Doc. 1) be dismissed for failure to state a claim. (Doc. 28 at 1.) The Recommendation provided the parties with fourteen (14) days from the date of its service to file written objections to the recommendations therein. (*Id.* at 5.) No objections have been filed. (*See generally* Docket.)

## BACKGROUND

Plaintiff filed the instant suit against various Defendants alleging violations of 42 U.S.C. § 1983. (Doc. 1.) Plaintiff claims that, on June 16, 2012, Officer Samantha Richardson alleged to have seen Plaintiff in possession of a cellular telephone. (*Id.* at 5.) Plaintiff alleges that he and two other inmates were escorted into "the T.V. room," which is visible and open to the entire dormitory. (*Id.*) Plaintiff asserts that female officers were present while he was required to strip naked for a search. (*Id.*) Plaintiff alleges that a disciplinary report was issued against him but it was dismissed due to insufficient

1

evidence.  (*Id.* at 7.)  Plaintiff argues that those actions constituted a violation of his constitutional protections.  (*Id.*)

On April 9, 2013, the Court adopted Judge Langstaff's Recommendation to dismiss the claims against Defendants Richardson and Cross, and dismiss those Defendants from the suit.  (*See* Docs. 9 & 21.)  As a result, only Defendants Burks, Jackson, Tennielle, and Roberts remained.  (*See* Doc. 9 at 5.)  On April 4, 2013, the remaining Defendants filed the instant Motion to Dismiss.  (Doc. 19.)  Therein, Defendants claimed that dismissal was warranted because the Complaint failed to state a claim.  (Doc. 19-1 at 5-9.)  On October 15, 2013, Judge Langstaff's filed the Recommendation currently under review.  (Doc. 28.)  No objection was filed within the fourteen day time period as required by the Recommendation.  (*See generally* Docket.)

## **DISCUSSION**

Prisoners do not enjoy the full gambit of Fourth Amendment protections.  *See Powell v. Barrett*, 541 F.3d 1298, 1314 (11th Cir. 2008).  The restrictions placed on constitutional liberties within the walls of prisons "must be evaluated in the light of the central objective of prison administration, safeguarding institutional security."  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).  Courts give deferential treatment to the policies and practices of prison administrators.  *United States v. Prevo*, 435 F.3d 1343, 1347 (11th Cir. 2006).  Although prison policies are clothed in a presumption of reasonableness, *see Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995), "the need for a particular search must be balanced against the resulting invasion of personal rights."  *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 132 S. Ct. 1510, 1516 (2012).

The Court agrees with the reasoning and conclusion of Judge Langstaff. The Court writes only to emphasize that dismissal is proper in this case because Plaintiff's allegations make clear that the strip search was "reasonably related to penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff alleged that Officer Richardson asserted that she observed him in possession of a cellular telephone and the resulting search was related to his alleged possession of that contraband. Although Plaintiff asserts that Officer Richardson's allegation that Plaintiff had a cellular phone was untrue, Plaintiff does not allege that any of the remaining Defendants had knowledge of this fact or otherwise harbored nefarious or malicious intent.

Possession of a cellular telephone in a state correctional facility is a crime. *See* GA. CODE ANN. § 45-5-18(c). Cellular telephones in a prison "can, and have been, used for various dangerous and unlawful purposes." *United States v. Blake*, 288 F. App'x 791, 795 (3d Cir. 2008). Unfettered communication with individuals outside of the prison permits inmates to receive instructions from outsiders and allows the opportunity for inmates to intimidate officers, their families, and witnesses. *See Waddleton v. Jackson*, C.A. No. C-10-267, 2012 WL 5289779, *11 (S.D. Tex. Oct. 2, 2012). Plaintiff alleges only that the remaining Defendants acted pursuant to an officer's indication that Plaintiff possessed a cellular telephone. In this context, the strip search at issue was reasonable and did not offend the Fourth Amendment.

The Court finds that Plaintiff's Complaint should not be dismissed with prejudice. "[W]here a more carefully drafted *pro se* complaint might state a claim the 'plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.' " *See Bettencourt v. Owens*, No. 11-15036, 2013 WL 5450978, *4 (11th Cir. Oct. 2, 2013) (citing *Bank v. Pitt*, 928 F.3d 1108, 1112 (11th

3

Cir. 1991)). The Eleventh Circuit "place[s] a heavy thumb on the scale in favor of" giving *pro se* litigants the opportunity to amend. *Id.* In light of "the purpose of pleading[, which] is to facilitate a proper decision on the merits," *id.* (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), the Court finds that this case should not be dismissed with prejudice. It is conceivable that Plaintiff could amend his complaint to allege sufficient facts to overcome the deficiencies discussed above. Admittedly, the question of futility is close. The closeness of the question, however, counsels in favor of permitting Plaintiff an opportunity to amend. *See O'Halloran v. First Union Nat. Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003).

## CONCLUSION

Based on the foregoing, the Court **DOES NOT ADOPT** the portion of the Recommendation (Doc. 28) recommending dismissal with prejudice. Except to that extent, the United States Magistrate Judge Thomas Q. Langstaff's October 15, 2013 Report and Recommendation (Doc. 28) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Defendants' Pre-Answer Motion to Dismiss (Doc. 19) is **GRANTED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this  21st  day of November, 2013.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**